# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

TIMBERLY CLARK MONHOLLEN,    )
                                        )
     Plaintiff,                  )
                                        )
     v.                          )     CAUSE NO.: 1:17-CV-245-TLS
                                        )
NANCY A. BERRYHILL,         )
ACTING COMMISSIONER OF THE   )
SOCIAL SECURITY             )
ADMINISTRATION,          )
                                        )
     Defendant.               )

## OPINION AND ORDER

Plaintiff Timberly Clark Monhollen seeks review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits. The Plaintiff argues that the Commissioner wrongfully denied him disability benefits by failing to propose an adequate hypothetical to the vocational expert to account for the Plaintiff's moderate limitations with regard to concentration, persistence, and pace.

## BACKGROUND

On February 12, 2013, the Plaintiff filed his Title II application for a period of disability and disability insurance benefits, alleging disability beginning on November 12, 2014. (R. 16.) His claims were denied initially on February 20, 2015, and upon reconsideration on April 1, 2015. (*Id.*) On February 2, 2016, the Plaintiff appeared with counsel and testified at a hearing before an administrative law judge (ALJ). (*Id.*) An impartial vocational expert ("VE"), Sharon D. Ringenberg, also appeared and testified at the hearing. (*Id.*) On December 22, 2016, the ALJ

denied the Plaintiff's application, finding he was not disabled prior to his date last insured, April 25, 2016. (R. 16–30.) On April 11, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (R. 1–3.)

On June 15, 2016, the Plaintiff filed this claim [ECF No. 1] in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant no longer engages in substantial gainful activity ("SGA"). *Id.* In the case at hand, the ALJ found that the Plaintiff has not engaged in SGA from his alleged onset date, November 12, 2014. (R. 18.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting his ability to do basic work activities under § 404.1520(c). In this case, the ALJ determined that the Plaintiff had multiple severe impairments, including sciatica, osteoarthritis, and degenerative disc disease of the spine with spinal stenosis as well as depression, a mild neurocognitive

disorder, social anxiety disorder, and hypertension. (*Id.*) The ALJ found that these impairments caused more than minimal limitations in the Plaintiff's ability to perform the basic mental and physical demands of work and had lasted for at least twelve months as required under the statute. (*Id.*) The ALJ found that the Plaintiff's other medically determinable impairments, including gastroesophageal reflux disease, benign prostate hypertrophy, and hypercholesterolemia were non-severe impairments because they did not cause more than minimal functional limitations over the course of a twelve-month period. (R. 19.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of [the] listings in appendix 1 . . . ." 20 C.F.R. § 404.1520(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." § 404.1520(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" ("RFC")—the types of things he can still do, despite his limitations—to determine whether he can perform "past relevant work," § 404.1520(a)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." § 404.1520(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1 and that he had the RFC to perform a limited range of light work, as defined in § 404.1567(b) except that:

> "[H]e is limited to lifting, carrying, pushing and pulling ten pounds frequently and twenty pounds occasionally. The claimant can sit at least six hours in an eight-hour workday and stand and/or walk six hours in an eight hour work day. The claimant should not climb ropes, ladders or scaffolds. The claimant can occasionally kneel, crouch, and crawl. The claimant can occasionally balance. The claimant can occasionally bend and stoop in addition to what is required to sit. The claimant can

occasionally use ramps and stairs. Aside from use of ramps and stairs on an occasional basis, the claimant should not work upon uneven surfaces. The claimant should avoid working upon wet and slippery surfaces. The claimant should avoid work within close proximity to open and exposed heights and open and dangerous machinery such as open flames and fast moving exposed blades. The claimant is limited to occasional overhead work and occasional overhead reaching. The claimant is limited to work that involves only simple, routine and repetitive tasks that can be learned through short demonstration and up to thirty days. The claimant can maintain the concentration required to perform simple tasks. The claimant can remember simple work like procedures. The claimant can make simple work related decisions. The claimant can read simple instructions, lists and address labels but should not perform work requiring extensive reading and writing such as work manuals.

(R. 21.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled from his alleged onset date to his date last insured. The ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. But, the ALJ found that the Plaintiff's testimony and prior statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely consistent with the medical evidence and other evidence in the record . . . ." (R. 22.) The Plaintiff testified regarding the effects of his alleged physical and mental impairments. With respect to his mental impairments, the Plaintiff alleged that he has difficulty with memory, understanding, and reading. (R. 20.) He also indicated that he has difficulty paying attention, finishing what he starts, and following instructions. (*Id.*) However, he is able to handle his own finances. (*Id.*) Based on the Plaintiff's testimony, the ALJ found that he had moderate impairments in concentration, persistence, and pace. (*Id.*) As a result, the ALJ limited the Plaintiff to simple tasks that can be learned through short demonstration and making simple work-related. (R. 27.)

The Plaintiff had past relevant work as a forklift operator and an insulation worker, both medium, semi-skilled occupations as defined by the Dictionary of Occupational Titles ("DOT").

(R. 29.) Thus, the ALJ concluded that the Plaintiff was not capable of performing any past relevant work. (*Id.*) However, relying on the vocational expert's testimony, the ALJ found that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform," including jobs such as a dining room attendant, housekeeper cleaner, and hand packager. (*Id.*) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act since his alleged onset date. (R. 30.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's findings of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in

evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. The court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

The Plaintiff argues that the ALJ failed to adequately incorporate limitations in concentration, persistence, and pace in the hypothetical posed to the VE despite finding that the Plaintiff had moderate limitations in concentration, persistence, and pace. It appears that the Plaintiff also takes issue with the ALJ's failure to include sufficient limitations in his RFC to account for his memory problems.

The ALJ included mental limitations in the Plaintiff's RFC as follows:

The claimant is limited to work that involves only simple, routine and repetitive tasks that can be learned through short demonstration and up to thirty days. The

claimant can maintain the concentration required to perform simple tasks. The claimant can remember simple work like procedures. The claimant can make simple work related decisions. The claimant can read simple instructions, lists and address labels but should not perform work requiring extensive reading and writing such as work manuals.

The Plaintiff argues that the RFC does not adequately account for his memory difficulties because the ALJ "failed to consider the findings of Dr. Predina who reported that his memory functionally limited [the Plaintiff] from being able to recall information no matter the modality." (Pl. Br. 12, ECF No. 26.) Dr. Predina performed a mental examination of the Plaintiff on behalf of the Social Security Administration in connection with the Plaintiff's instant application for benefits. (R. 272–76.) Contrary to the Plaintiff's assertion, the ALJ expressly referenced Dr. Predina's report and considered her findings regarding the Plaintiff's difficulty with recollection. (R. 27.) The ALJ acknowledged that Dr. Predina's examination "showed results in the borderline to low average and extremely low ranges in memory" and that she opined that the Plaintiff had "significant deficits" with regard to his memory, which "would functionally limit him in being able to recall information." (*Id.*) The ALJ gave "some weight" to Dr. Predina's opinion, articulating his reasoning for not fully accepting her conclusions. (*Id.*) The Court finds that the ALJ adequately considered Dr. Predina's opinion and sufficiently built a logical bridge to his conclusion regarding the weight to be assigned to it. Accordingly, the Court cannot say that the ALJ erred in his determination regarding the Plaintiff's mental limitations and RFC.

The Plaintiff also argues that the hypothetical posed to the VE was faulty. The Seventh Circuit has "stated repeatedly that ALJs must provide vocational experts with a complete picture of a claimant's residual functional capacity, and vocational experts must consider deficiencies of concentration, persistence, and pace." *Jelinek v. Astrue*, 662 F.3d 805, 813 (7th Cir. 2011). It is not clear to the Court what limitations the Plaintiff believes the ALJ should have included in his

hypothetical that were not included. The language posed to the VE mirrors that of the RFC. (*See* R. 66.) To the extent that the Plaintiff is arguing that further limitations regarding his memory deficits as set forth in Dr. Predina's report should have been included in a hypothetical to a VE, his argument also fails. An ALJ must account only for medically determinable impairments in the hypothetical. *See Brihn v. Apfel*, No. 00-1193, 2000 WL 1277628, at *4 (7th Cir. Sept. 7, 2000) (finding that the ALJ has "discretion to ignore . . . limitations" that are "unsupported by objective medical evidence"); *Ehrhart v. Sec'y of Health and Human Servs.*, 969 F.2d 534, 540 (7th Cir. 1992) (finding hypothetical question proper because it "reflected [the Plaintiff's] impairments to the extent that the ALJ found them supported by evidence in record"). The ALJ articulated why he did not give great weight to Dr. Predina's opinion, and he properly included in the hypothetical only those impairments that he found were medically determinable and supported by the evidence. *See Wilkins v. Barnhart*, 69 F. App'x 775, 781 (7th Cir. 2003) (finding no error where ALJ did not include limitations from physician's evaluation after determining the evaluation lacked credibility). Therefore, the Court finds no flaws in the hypothetical posed to the VE.

## CONCLUSION

Accordingly, the Court AFFIRMS the decision of Acting Commissioner of the Social Security Administration Plaintiff was not disabled.

SO ORDERED on June 11, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT